IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:05-CR-00021-F-1
No. 7:16-CV-00071-F

| | |
|---|---|
| WILBUR SCOTT, JR., <br> Petitioner <br><br> v. <br><br> UNITED STATES OF AMERICA, <br> Respondent. | ) <br> ) <br> ) <br> )    O R D E R <br> ) <br> ) <br> ) <br> ) |

This matter is before the court on the Government's Motion to Dismiss [DE-34] Wilbur Scott, Jr.'s pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-26, -29].[1] The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons addressed below, the Government's Motion to Dismiss is ALLOWED and Scott's Motion to Vacate is DENIED.

**I. Factual and Procedural Background**

On March 2, 2005, Scott was charged in a single-count indictment. *See* Indictment [DE-1]. Scott was later charged in a single-count superseding indictment with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924. *See* Superseding Indictment [DE-11]. At Scott's arraignment, held on May 16, 2005, he pled guilty to the Superseding Indictment without a written plea agreement.

Scott's sentencing was held on November 15, 2005, and he was sentenced to 180 months' imprisonment. *See* Judgment [DE-17]. Scott filed two notices of appeal [DE-18, -21]. In an

---

[1] Scott's initial attempt to initiate a claim for relief under 28 U.S.C. § 2255 was a nonconforming document [DE-26], which was filed on April 15, 2016. At the court's direction, Scott filed a "conforming" motion [DE-29] on April 27, 2016.

unpublished per curiam opinion [DE-22], the Fourth Circuit Court of Appeals affirmed Scott's conviction and sentence.

On April 15, 2016, Scott filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-26, -29]. In his motion, Scott alleges that his statutory enhancement under the Armed Career Criminal Act ("ACCA") violates the Supreme Court's decision in *Johnson v. United States*, 125 S. Ct. 2551 (2015). Mot. Vacate [DE-29] at 5. In particular, Scott contends that he no longer has the three predicates required by 18 U.S.C. § 924(e)(1). *Id.* Scott contends that his North Carolina convictions for escape, common law robbery, and assault with a deadly weapon inflicting serious injury are no longer valid predicates. *Id.*

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

2

conclusions, and a formulaic recitation of the elements of a cause of action will not do."
*Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

### III. Discussion

Under the ACCA, a defendant "who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another," triggers an increased statutory minimum and maximum. 18 U.S.C. § 924(e)(1). A "violent felony" is defined as follows:

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
>
> **(i)** has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> **(ii)** is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

18 U.S.C. § 924(e)(2)(B).

In *Johnson*, the Supreme Court addressed whether increasing a defendant's sentence based on the residual clause contained in 18 U.S.C. § 924(e)(2)(B)(ii) violates due process. The residual clause provided that an offense was a violent felony for purposes of § 924(e), if it "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Court in *Johnson* held that "[i]ncreasing a defendant's sentence

3

under the [residual] clause denies due process of law." 135 S. Ct. at 2557. The Supreme Court, however, did not strike the four enumerated offenses found in 18 U.S.C. § 924(e)(2)(B)(ii). *Johnson*, 135 S. Ct. at 2563; *Craig v. United States*, Nos. 3:15-CV-344-FDW, 3:07-CR-44-FDW-1, 2016 WL 183495, at *2 (W.D.N.C. Jan. 14, 2016). Burglary is an enumerated offense. *See* 18 U.S.C. § 924(e)(2)(B)(ii).

As his Presentence Report reflects, Scott has three convictions that qualify as burglary. Specifically, Scott has three separate breaking and entering convictions that occurred on occasions different from one another.[2] *See* PSR at 6 ¶ 14 (breaking, entering, and larceny); PSR at 7 ¶ 17 (breaking and entering); PSR at 8 ¶ 23 (burglary and breaking/entering and larceny). Moreover, Scott received sentences in excess of one year for each of these convictions.

In light of Scott's three convictions that qualify as burglary, *Johnson* does not impact his status under the ACCA. Consequently, Scott is not entitled to relief.

### IV. Conclusion

For the foregoing reasons, the Government's Motions to Dismiss [DE-34] is ALLOWED and Scott's Motion to Vacate [DE-26, -29] is DENIED. The court finds that Scott has not made the requisite showing to support a certificate of appealability.[3] Therefore, a certificate of

---

[2] The Fourth Circuit Court of Appeals has held that the offense of breaking and entering qualifies as a burglary under § 924(e). *United States v. Mungro*, 754 F.3d 267, 272 (4th Cir. 2014).

[3] A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). However, when a court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the

4

appealability is DENIED.

SO ORDERED.

This the 1__ day of August, 2016.

_____
JAMES C. FOX
Senior United States District Judge

---

denial of a constitutional right. *Slack*, 529 U.S. at 484-85.